KATZMANN, Chief Judge,
concurring:
Unsurprisingly, I concur in the Court’s judgment and agree with its reasoning. I write separately to address the argument regarding the false name exception to creditor liability under the FDCPA that the majority opinion declined to address as unnecessary. See supra, at 104 n. 17. Specifically, I agree with the Seventh Circuit that where a creditor uses the name of a lawyer or law firm to represent falsely that an attorney has been retained to collect the creditor’s debt, the false name exception should apply if the lawyer misre *110 presents his role as an attorney. See Nielsen v. Dickerson, 307 F.3d 623, 634-39 (7th Cir.2002).
As the majority opinion notes, where the third party is held out by the creditor as an attorney retained to collect the creditor’s debts, the Seventh Circuit asks whether the third-party has exercised his independent judgment as an attorney in reviewing each debtor’s individual case before sending out a letter. See id. Our Circuit has applied an identical standard to whether an attorney debt-collector has engaged in deceptive practices in violation of section 1692e to the question of whether to pierce creditor immunity under section 1692a(6)’s false name exception. Compare id., with Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 301, 306-07 (2d Cir.2003) (citing Nielsen with approval). Although the majority opinion here does not reach the issue because there is a dispute as to whether Moss Codilis acted as even an ordinary debt collector, I write to explain why I think we should adopt Nielsen wholesale.
My reasoning is simple. We have previously held that the focus of the false name exception — indeed, the focus of the entire FDCPA — is on what the “least sophisticated consumer” believes to be true based on the representations made in the debt collection letter. See Maguire v. Citicorp. Retail Servs., Inc., 147 F.3d 232, 236 (2d Cir.1998); see also Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir.2005). Where a debt collector holds himself out to the consumer as an attorney retained to collect the debt, we have held that an attorney must be meaningfully involved — i.e., exercise some degree of professional judgment — so as not to misrepresent his role to the consumer. Miller, 321 F.3d at 301, 306-07; Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir.1993). Therefore, it would be entirely consistent with the approach to FDCPA liability we have followed thus far to hold that where the creditor uses the name of an attorney to collect its debts, we should evaluate whether the use of that name misleadingly indicates that the attorney acted in his professional capacity. See Nielsen, 307 F.3d at 634. Nielsen accords with both the text of the statute and our prior precedent.
One may object that such an approach may expose a creditor to liability where the creditor hired a debt collector to collect its debts, but the debt collector impersonated an attorney on his own accord. Not so. As the Court’s opinion explains, a creditor must be “actively engaged in [the] misrepresent[ation]” to “use” the name of another and be held liable under the false name exception. Supra, at 99-100. If the creditor is not involved in misrepresenting the debt collector as an attorney, then the false name exception does not apply. Accordingly, if such a case presents itself, I believe we should follow Nielsen.